The warrant, so far as this plaintiff is concerned, was subsequently vacated. That the defendant procured the services of the marshal in executing the warrant cannot be questioned. The defendant's witness Comisky testified:

"I am one of the marshals of the city of New York, and was such marshal on the 8th day of March, 1899. I know the plaintiff, Hong Sing, and remember dispossessing the plaintiff from the premises No. 220 Madison street pursuant to a warrant, of which plaintiff's Exhibit 2 is a copy, issued to me by the clerk of the municipal court, Fifth district, and which was given to me by Mr. Katz, the attorney acting for the petitioner (the defendant)."

Although the defendant became a witness in his own behalf, he did not question the testimony of this witness. The court correctly ruled that the plaintiff was entitled to recover his loss of profits during the remainder of the term under the lease. Snow v. Pulitzer, 142 N. Y. 263, 36 N. E. 1057, and Schile v. Brokhahus, 80 N. Y. 614.

In charging the jury the court said:

"Therefore the question comes down to this: What is the plaintiff's damage? Under the section of the Code referred to which is in its nature penal, it says that he shall be entitled to treble damages. * * * The damage is the difference between the amount of the rent agreed to be paid by the lease and the real value of the use and enjoyment of the premises during the term that the lease ran. You must determine what that amount is to be from the evidence in the case only. Then, under the statute, you treble that amount, and bring in your verdict for the full amount."

The jury returned a verdict for $1,875, and it is apparent from the evidence, and the plaintiff's allegations in his complaint of the value of the remainder of the term, and of his damage by reason of being deprived thereof, that the jury have awarded treble the damages they found plaintiff had sustained. It was error to instruct the jury that it was their duty under the statute to bring in a verdict for treble damages. The practice is for the jury to find single damages, and for the court, under the statute, to treble them in a proper case. Marchand v. Haber, 16 Misc. Rep. 322, 37 N. Y. Supp. 952.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff within 10 days stipulates to reduce the judgment to $625, damages and costs; in which event the judgment will be affirmed, without costs.

---

LIGHT et al. v. FISHEL.

(City Court of New York, General Term. January 3, 1901.)

APPEAL—VERDICT—WEIGHT OF EVIDENCE—REVERSAL.

An order granting a new trial on the ground that the verdict is against the weight of evidence will not be reversed on appeal in the absence of a showing that the granting of the same was an abuse of the trial court's discretion.

Appeal from special term.

Action by Benjamin Light and another against Jacob Fishel. From an order setting aside a verdict in favor of the plaintiffs and granting a new trial, plaintiffs appeal. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

J. L. Weinberg, for appellants.

A. Stern, for respondent.

PER CURIAM. Upon the trial the jury rendered a verdict in favor of plaintiffs. Upon defendant's motion the trial justice set aside the verdict as against the weight of evidence, and granted a new trial. From said order this appeal is taken.

This order, being a discretionary one, should be affirmed, unless it clearly appears that the granting of the same was an abuse of the power vested in the trial justice to grant a new trial if, in his sound and unvaried opinion, the interests of justice so required. We have carefully reviewed the evidence for the purpose of determining whether there was such an abuse of discretion, and after such examination we think that the order was wisely made. Besides, the trial justice had the advantage of hearing the witnesses testify, saw their demeanor upon the stand, and their manner of giving evidence. Their candor and sincerity, as well as their evasion or duplicity, must have been observed by him. These helps, in conjunction with his large experience in weighing evidence, should not be disregarded by us, as we would have to do if we reversed the order in question. All these considerations induce us to believe that the order was right, and should be affirmed; and it is so ordered.